IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| AMBRIA SMITH, | : | CIVIL ACTION |
| --- | --- | --- |
| Petitioner, | : | |
| v. | : | |
| PATRICK RYAN, et al., | : | |
| Respondents. | : | NO. 10-108 |

**MEMORANDUM**

**Schiller, J.**                                                                                                                                         **July 19, 2011**

## I. INTRODUCTION

Presently before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") (Docket entry no. 1) filed by Petitioner Ambria Smith ("Petitioner"). Petitioner contends that the Delaware Superior Court violated her constitutional rights by failing to credit her trafficking sentence with time previously served in the Boot Camp Diversion Program. For the following reasons, the Petition is denied as meritless.

## II. BACKGROUND

On December 14, 2007, Delaware State Police executed a search warrant at 302 Hollybrook Apartments, Laurel, Delaware. (Docket entry no. 11 at 1) Petitioner and two of her minor children were in the apartment, along with Colen Hyland and Chaddix Parker. The police found a loaded .38 caliber Smith and Wesson handgun under a sofa, and a digital scale with cocaine residue nearby. In the master bedroom, the police also found: a clear plastic baggie containing 3.4 grams of powder cocaine on the floor; a clear plastic baggie containing 12.3 grams of powder cocaine in a Crown Royal bag placed on top of a dresser; and two Oxycodone pills

and one Codeine pill lying on top of the dresser. The police arrested Petitioner that same day. *Id* at 1-2.

On February 20, 2008, the State charged Petitioner by way of information with the following offenses: trafficking in cocaine; possession with intent to deliver cocaine ("PWITD"); possession of a firearm during the commission of a felony; two counts of possession of a firearm by a person prohibited ("PFBPP"); maintaining a dwelling for keeping controlled substances; conspiracy in the second degree; possession of oxycodone; possession of codeine; two counts of possession of drug paraphernalia; and two counts of endangering the welfare of a child. *Id* at 2. On May 21, 2008, Petitioner pled guilty to trafficking in cocaine, PWITD cocaine, PFBPP, and two counts of endangering the welfare of a child, in exchange for which the prosecution dismissed the balance of the charges. The Superior Court sentenced Petitioner as follows: endangering the welfare of a child – one (1) year at Level V (with credit for one hundred sixty (160) days previously served), suspended after eight (8) months; trafficking in cocaine – ten (10) years at Level V, suspended after two (2) years, deferred for the Boot Camp Diversion Program; PWITD cocaine – five (5) years at Level V, suspended for eighteen (18) months at Level III; PFBPP – five (5) years at Level V, suspended for eighteen (18) months at Level III; and endangering the welfare of a child – one (1) year at Level V, suspended for one (1) year at Level III. *Id*.

Petitioner was unsuccessfully discharged from Boot Camp in February 2009. She was re-sentenced on March 6, 2009 as follows: endangering the welfare of a child – discharged for time-served; trafficking in cocaine – ten (10) years at Level V (with credit for fourteen (14) days previously served), suspended after a two (2) year mandatory minimum at Level V for eighteen

2

(18) months at Level III; and PFBPP – five (5) years at Level V, suspended for one (1) year at Level III. Petitioner moved to modify her sentence on May 29, 2009, seeking credit for the eight (8) months she awaited admission into the Boot Camp as well as credit for her time at Boot Camp. The Superior Court granted that motion in part, correcting Petitioner's sentence to credit her with a total of forty-two (42) days: the twenty-seven (27) days she served after her Level V time for endangering had concluded and prior to her admission to Boot Camp; and the fifteen (15) days she served after her discharge from Boot Camp and prior to her re-sentencing hearing. (Docket entry no. 13, Motion to Affirm in *Smith v. State*, No. 386,2009, at ¶ 3) However, the Superior Court denied her request to be credited for the time she spent in Boot Camp. (Docket entry no. 13, Motion to Affirm in *Smith v. State*, No. 386,2009, at B-56) Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's corrected sentence order on October 20, 2009. *Smith v. State*, 984 A.2d 124 (Table), 2009 WL 3367064 (Del. Oct. 20, 2009).

## III.     GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are

given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford,* 538 U.S. at 206.

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000).

### C. Standard of Review

#### 1. Deferential standard of § 2254(d)

If a state court adjudicated a petitioner's habeas claim on the merits, a federal district court can only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). Even a summary adjudication of a claim on the merits "unaccompanied by an opinion explaining the reasons relief has been denied" is entitled to § 2254(d) deference. *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784-85 (2011).

### 2. *De novo* standard of review

If, however, the state's highest court has not adjudicated a federal habeas claim on the merits, but the claim has been exhausted and the merits are properly before the federal court on habeas review, then the federal court must review the claim *de novo*. *See Breakiron v. Horn*, 642 F.3d 126, 2011 WL 1458795, at *3 (3d Cir. Apr. 18, 2011)(citing *Porter v. McCollum*, __ U.S. __, 130 S.Ct. 447 (Jan. 19, 2011)). *De novo* review means that the court "must exercise its independent judgment when deciding both questions of constitutional law and mixed constitutional questions." *Williams v. Taylor*, 529 U.S. 362, 400 (2000)(O'Connor, J., concurring).

### 3. Section 2254(e) and the presumption of correctness

Finally, whether reviewing a habeas application *de novo* or under § 2254(d), a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). This presumption of correctness applies to both implicit and explicit findings of fact, and can only be rebutted by petitioner upon a showing of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v.*

5

*Cockrell*, 537 U.S. 322, 341(2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

IV. **DISCUSSION**

Petitioner originally asserted two grounds for relief: (1) the Delaware Superior Court violated her constitutional rights by failing to credit her two (2) year minimum mandatory sentence for trafficking with the time she served in the Boot Camp Diversion Program, and the Superior Court also violated her Due Process rights by applying the eight (8) months she served in prison awaiting her placement into Boot Camp to her sentence for child endangerment rather than to her trafficking sentence; and (2) medical error and nontreatment by medical staff. (Docket entry no. 1) The Court has already dismissed Claim Two for failing to allege an issue cognizable on habeas review. (Docket entry no. 4) For the reasons set forth below, the Court will deny the allegations in Claim One as meritless.

    **A. Superior Court's Failure To Credit Petitioner's Time In Boot Camp Against Two Year Minimum Mandatory Sentencing For Trafficking Conviction**

Petitioner asserts that the Superior Court's failure to credit the two (2) year minimum mandatory Level V sentence for trafficking with the time she served in the Boot Camp Diversion Program violated her constitutional rights under the Sixth and Fourteenth Amendments. Although Petitioner presented this argument to the Delaware Supreme Court when she appealed the Superior Court's decision on her motion for modification of sentence, the Delaware Supreme Court only addressed the argument as an issue of Delaware law and not as an argument implicating federal constitutional concerns. In these circumstances, *de novo* review is

appropriate.

A state prisoner's right to credit for time served before sentencing is a matter of state law. *See Hoover v. Snyder*, 904 F. Supp. 232, 234 (D. Del. 1995); *Hardy v. Luzerne County*, 2007 WL 2253463, at **1-2 (M.D. Pa. Aug. 3, 2007). In turn, a district court engaging in federal habeas review must accept a state supreme court's interpretation of state law,[1] and claims asserting a violation of a state law, or challenging a state court's interpretation of state law, do not present cognizable issues for the purpose of federal habeas review. *Swarthout v. Cooke*, __ U.S. __, 131 S.Ct. 859, 861 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991). Therefore, to the extent Petitioner's first claim challenges the Delaware State Courts' interpretation and application of Delaware sentencing statutes, the Court concludes that the claim fails to assert a proper basis for habeas relief.

To the extent Petitioner's asserts a violation of her "constitutional rights" in general, the Claim lacks merit. As an initial matter, there is no federal constitutionally protected right to early release, *see Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), nor is there a constitutionally protected right to credit for time served pursuant to a deferred sentence upon reinstatement of that sentence. Although Petitioner contends that *Reno v. Koray*, 515 U.S. 50, 51 (1995) establishes such a right because Boot Camp constitutes "official detention" under the definition contained therein, her argument is misguided. In *Koray,* the Supreme Court held that a federal prisoner is not entitled to credit pursuant to 18 U.S.C. § 3585(b) for time spent at a community treatment center while released on bail prior to his or her conviction, because a "community treatment center" does not constitute "official detention" for the purposes of §

---

[1] *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

7

3585(b). *Id*. The *Koray* Court explained that a federal prisoner is subject to "official detention" within the meaning of § 3585(b) only when under the Bureau of Prison's control or committed to the custody of the Attorney General pursuant to a court detention order. *Id.* at 56. Simply stated, the definition of "official detention" articulated in *Koray* is inapplicable because Petitioner is a state prisoner challenging a state court's denial of sentencing credit pursuant to a state statute.

Further, to the extent Petitioner contends that the failure to credit her mandatory two (2) year trafficking sentence with the time served in Boot Camp violated her right to Due Process, the Court is not persuaded. Recently, in *Swarthout v. Cooke*, 131 S.Ct. at 861, the Supreme Court reiterated the standard analysis to be used in determining if a Due Process violation has occurred. First, the Court must ask if the prisoner has been deprived of an existing liberty or property interest. *Id*. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,'or it may arise from an expectation or interest created by state laws or policies."[2] *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)(internal citations omitted). If the prisoner has been deprived of a liberty interest, then the Court must ask if the procedures followed by the State were constitutionally sufficient. *Swarthout*, 131 S.Ct. at 861. . The procedures employed in prison disciplinary proceedings are constitutionally sufficient if the inmate: (1) was given advance written notice of the disciplinary charge; (2) had an opportunity to

---

[2] Although the Due Process Clause of the Constitution protects certain liberty interests created under state law, including state laws governing the method for calculating the credit an inmate has earned toward release, Federal law does not dictate any specific methodology for calculating sentencing credit for state prisoners. *See, e.g., Sup't, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985)(holding that inmates cannot be deprived of "good time credits" without at least minimal due process because state statutes created a liberty interest in such credits). Consequently, the role of the federal courts is limited to the enforcement of due process rights created by state law. *Greenholtz*, 442 U.S. at 7.

present witnesses and documentary evidence; and (3) was provided with a written statement of evidence relied upon and reasons for the disciplinary action. *Hill*, 472 U.S. at 454. The decision need only be supported by "some evidence." *Id*.

With respect to the first step of the aforementioned inquiry, the language of the statute governing sentencing for First Offender Boot Camp (Del. Code Ann. tit. 11, § 6712(h)),[3] demonstrates that Delaware has not created a liberty interest in receiving credit for time served in Boot Camp under a deferred sentence. *See c.f. Greenholtz*, 442 U.S. at 11-12 (prisoners do not have a liberty interest in parole when the relevant statutory scheme endows prison authorities with discretion over whether to grant it); *see also Board of Pardons v. Allen*, 482 U.S. 369, 380-81 (1987). For instance, § 6712(h) provides, in relevant part, that

> [u]pon a finding that the offender has violated any of the terms or conditions of supervision or probation at the boot camp or at Level IV or Level III, the court shall proceed to sentencing for all charges **for which sentencing was originally deferred** pursuant to this section, and shall impose not less than the full applicable Level V sentence mandated for the offense or offenses of which the offender the offender was convicted []. **No credit time shall be given for any time spent in boot camp, Level IV or Level III.**

Del. Code Ann. tit. 11, § 6712(h)(2008)(emphasis added).

In this case, Petitioner's original ten (10) year sentence at Level V for trafficking was

---

[3] In *Sandin v. Connor*, a prison disciplinary case, the Supreme Court criticized the methodology of *Greenholtz* and *Allen* for focusing on the language of state statutes to determine if the State had created a liberty interest. *See Sandin v. Connor*, 515 U.S. 474, 484-84 (1995). The *Sandin* Court directed courts to focus on the "nature of the deprivation" rather than on the language of a particular regulation. *Id.* at 484-84. Several circuit courts, however, have concluded that *Sandin* only alters the liberty interest methodology applicable to the day to day management of prisons. *See, e.g., Green v. Schult*, 2010 WL 2925729 at *3 n.3 (N.D.N.Y. Jul. 20, 2010). Finding the reasoning of these cases persuasive, the Court will consider the language of the applicable Delaware statute when performing its liberty interest inquiry with respect to Petitioner's sentencing credit claim.

deferred, and Petitioner was diverted to the Boot Camp Diversion Program pursuant to title 11, § 6712(h) of the Delaware Code. When Petitioner failed to complete the requirements of the Boot Camp Diversion Program, the Superior Court followed the terms of § 6712(h) and re-instated her deferred Level V sentence without crediting her with the time she served in Boot Camp. Given the absence of any protectible liberty interest in being credited for time served in Boot Camp under a deferred sentence, the Court concludes that Petitioner's due process argument fails to warrant relief.

Petitioner's vaguely asserted argument that the wording of her Boot Camp Diversion Order itself created a liberty interest in receiving credit for time served at Boot Camp by referring to Boot Camp as constituting Level V supervision is also not persuasive. (Docket entry no. 2 at ¶ 20) Although Delaware inmates are statutorily entitled to receive credit for all Level V time served,[4] there simply was no Level V time to be credited to Petitioner's deferred trafficking sentence, because Petitioner's Level V sentence for trafficking did not become effective until March 6, 2009, the date she was re-sentenced upon failing the Boot Camp Diversion Program.[5]

And, even if Petitioner could establish a liberty interest in credit for the time she spent at Boot Camp, the record reveals that she was afforded the "constitutionally sufficient" due process required under *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Hill*, 472 U.S. at 454 before being denied such credit. Petitioner does not contend that she was not given advance written notice

---

[4] *See* Del. Code Ann. tit. 11, § 3901(b); *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999).

[5] There is a distinction between deferring the **imposition** of sentence and deferring its **execution**. When imposition of the sentence is deferred or suspended, no sentence exists until one is imposed. *See, e.g., United States v. McDonald*, 611 F.2d 1291, 1295 (C.A. Ariz. 1980).

10

that her unauthorized communications and possession of dangerous contraband violated the terms of the Boot Camp Diversion Program. She was provided an opportunity to defend herself at a Multi-Disciplinary Team ("MDT") hearing, where she actually admitted her violations. (Docket entry no. 13, Motion to Affirm in *Smith v. State*, No.386,2009 at B-36) A "Bureau of Prisons Reclassification Form" and a letter from the Boot Camp to the sentencing judge, both dated February 18, 2009, describe the evidence relied upon and the reasons for dismissing Petitioner from the Boot Camp program. *Id*. at B-34 to B-36. And, given the explicit language of her Boot Camp Diversion Order, Petitioner cannot legitimately contend a lack of prior knowledge that she would not be credited with time spent in Boot Camp if she did not complete the program. (Docket entry no. 13, "Motion to Affirm" in *State v. Ambria*, No. 386,2009 at Exh. B-14 "Special Conditions By Order"). Thus, the Court concludes that Petitioner has failed to substantiate a single violation of her right to due process.

Finally, to the extent Petitioner's general reference to a violation of her "constitutional rights" is an attempt to establish a violation of her right to be protected against Double Jeopardy, the argument is unavailing. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that "[n]o person shall be ... subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Clause "is enforceable against the States through the Fourteenth Amendment ... [a]nd it protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled in part on other grounds*, *Alabama v. Smith*, 490 U.S. (1989). The "Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980).

11

In the context of multiple punishments, the Double Jeopardy Clause only serves to ensure that the total punishment imposed does not exceed the punishment authorized by the Legislature. *Jones v. Thomas*, 491 U.S. 376 (1989).

The Double Jeopardy Clause is simply not implicated in this case. The Superior Court was authorized to impose a sentence of up to twenty-five (25) years at Level V for trafficking in cocaine, but only imposed a ten (10) year sentence at Level V, to be suspended after serving two (2) minimum mandatory years at Level V. Del. Code Ann. tit. 16, § 4753A (2008); Del. Code Ann. tit. 11, § 4205(b)(2) (2008). The reinstatement of the deferred sentence upon Petitioner's failure to complete the Boot Camp Diversion Program did not increase the term to be served over the ten (10) year sentence originally imposed, and the failure to credit Petitioner with the one hundred sixty-four (164) days served in Boot Camp did not result in a sentence exceeding the original ten (10) year sentence or the possible maximum twenty-five (25) year sentence.

Moreover, although Double Jeopardy may still pose a bar when the contested sentence is within the range authorized by the legislature but the defendant has a legitimate expectation of finality in his or her sentence, Petitioner did not have such an expectation in this case. *See Pennsylvania v. Goldhammer*, 474 U.S. 28, 30-1 (1985). Petitioner voluntarily elected to participate in the First Offender Boot Camp Diversion Program in order to avoid serving the two (2) year minimum mandatory Level V sentence, and she also voluntarily agreed to the re-imposition of the deferred Level V sentence if she did not successfully complete the program.[6]

---

[6]Section 6707 provides:
> No offender may participate in the boot camp program unless such individual voluntarily enrolls by agreeing to be bound by a written contract with the Bureau, which contract shall clearly set forth the obligations, duties, responsibilities and expectations with which such offender must comply. A representative of the

12

Additionally, Petitioner's original sentencing order explicitly stated "that the sentence deferred for Boot Camp Div. Program will be reinstated if there is a failure to complete the program [], and it must include the mandatory [Level] 5 time for which the [Petitioner] shall not receive credit for any time served in the [program]." (Docket entry no. 13, "Motion to Affirm" in *State v. Ambria*, No. 386,2009 at Exh. B-14 "Special Conditions By Order"). Given these circumstances, it is clear that Petitioner did not have a legitimate expectation of finality in her sentence. Therefore, there was no double jeopardy violation in this case.

Accordingly, after considering all of Petitioner's alternative arguments, the Court concludes that the failure to credit Petitioner's trafficking sentence with the time served in Boot Camp does not warrant federal habeas relief.

### B. Improper Crediting Of Eight Months Time Served To Misdemeanor Sentence For Child Endangerment Rather Than To Felony Sentence For Trafficking

Petitioner also contends that the Superior Court violated Delaware's Truth-in-Sentencing ("TIS") requirements as well as her federal due process rights by applying the eight months she served in prison awaiting her placement into Boot Camp to her sentence for child endangerment rather than to her trafficking sentence.

To the extent Petitioner is challenging the Superior Court's interpretation and application of Delaware's sentencing guidelines and statutes, the challenge fails to assert an issue cognizable on federal habeas review.

To the extent Petitioner contends that the Superior Court violated her right to due process

---

Bureau shall also explain to the offender the intended benefits of the program, and the consequences of failing the program.
Del. Code Ann. tit. 11, § 6707.

by "randomly" crediting the misdemeanor sentence with the eight (8) months she served while awaiting placement in the Boot Camp Program, rather than applying the eight (8) months to the two (2) year minimum mandatory trafficking sentence, the argument is unavailing. As an initial matter, Petitioner is not entitled to double credit under Delaware or Federal constitutional law and, therefore, her due process rights were not violated when the entire eight (8) months were not credited to both the misdemeanor and trafficking sentences. *See, e.g., Hoover v. Snyder,* 904 F. Supp. 232, 235 (D. Del. 1995); *Adams v. State*, 822 A.2d 396 (Table), 2003 WL 1890012 (Del. Apr. 14, 2003).

Moreover, although a Delaware inmate has a right to be credited for all time served at Level V,[7] an inmate does not have a protectible liberty interest in determining which consecutive sentence gets credited first. For instance, Delaware's consecutive sentencing law does not permit the time an inmate spends in prison for one conviction to be credited against the inmate's sentence for another conviction. *See* Del. Code Ann. tit. 11, § 3901(d). Additionally, when a person who is sentenced "is undergoing imprisonment under a sentence imposed for any other offense or offenses, [] the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct." Del. Code Ann. tit. 11, § 3901(b).

In this case, not all of Petitioner's Level V sentence related to her trafficking conviction; she was also sentenced to eight (8) months at Level V for one of her two endangerment convictions. Petitioner's Level V sentence for the endangerment conviction became effective on May 21, 2008, whereas Petitioner's Level V sentence for trafficking did not become effective

---

[7]*Gamble*, 728 A.2d at 1172.

14

until March 6, 2009, when she was re-sentenced following her unsuccessful discharge from Boot Camp.[8] (Docket entry no.13, *Smith v. State*, No. 386,2009, Motion to Affirm at B-11) Given Delaware's requirement that all Level V sentences to be served consecutively,[9] the Superior Court credited Petitioner's first eight (8) months spent at Level V awaiting space in Boot Camp against her eight (8) month sentence (minus one hundred sixty (160) days credit for time previously served) for child endangerment. Once the child endangerment sentence was completely discharged, the remaining amount of credit for time served awaiting space at Boot Camp was then credited against her trafficking sentence.

In short, Petitioner has failed to demonstrate any due process violation because she was credited for the entire amount of time she served at Level V while awaiting available space in Boot Camp. Accordingly, the Court will deny this allegation as meritless.

## V.    CERTIFICATE OF APPEALABILITY

The Court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable

---

[8]The March 6, 2009 sentence order vacated the Boot Camp Diversion Order, discharged Petitioner's eight (8) month Level V endangering sentence for time served, and re-instated the two (2) year mandatory Level V sentence for trafficking. (Docket entry no.13, *Smith v. State*, No. 386,2009, Motion to Affirm at B-11) On June 4, 2009, the Superior Court issued a "Corrected Sentence Order" correcting the March 6, 2009 sentencing order to credit Petitioner with an additional forty-two (42) days previously served, broken down as follows: twenty-seven (27) days for the time served after her Level V time for endangering had concluded and prior to her admission to Boot Camp; and (2) fifteen (15) days for the time served after her discharge from Boot Camp and prior to her re-sentencing hearing. *Id*. at 2, B-58 to B-61. This Corrected Sentence Order was also effective as of March 6, 2009.

[9]Del. Code Ann. tit. 11, § 3901(d).

15

jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition does not warrant federal habeas relief and that reasonable jurists would not find this conclusion to be debatable. Consequently, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons set forth above, the Court will dismiss the instant Petition for a Writ of Habeas Corpus in its entirety without an evidentiary hearing. A separate Order follows.

| | |
|---|---|
| 7-19-11 | /s/ Berle M. Schiller |
| DATE | Berle M. Schiller, J. |